UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

**JUDGE KARAS**

**11 CIV 8854**

ANTAYA CALDER

        Plaintiff,

## COMPLAINT

v.

DANIELS & NORELLI, PC

        Defendant.
------------------------------------------------------------x

## INTRODUCTION

1.    Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Daniels & Norelli, PC ("DN"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. Collectors are also required to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331.

4.    Venue and personal jurisdiction in this District are proper because:

    a.    Plaintiff resides within this district;

    b.    Defendant does business within this District.

5. Defendant, DN, has offices located at 1 Old Country Road, Suite LL5 in Carle Place, New York.

6. Defendant is a "debt collector" as defined in the FDCPA.

7. Defendant is licensed by the New York City Department of Consumer Affairs as a debt collector.

8. Defendant claims to be a debt collector on its website.

## FACTS

9. On a date within the applicable statute of limitations, defendant left a voice message for plaintiff.

10. The plaintiff is a "consumer" as defined by the FDCPA.

11. The voice message is a "communication" as defined by the FDCPA.

12. In making this phone call, defendant sought to collect a "debt" as defined by the FDCPA because the charges it attempted to collect arose from personal, family or household purposes and not from business purposes.

13. The message left on the voice mail belonging to the plaintiff was as follows: "Very important message for Antanya Clader, please give Mr. Thompson a call back at 800-332-3306 my extension is 3012. I will be in the office here up until 5pm Eastern standard time. I do have to advise you that this is an attempt to collect a debt anything obtained shall and will be used for that purpose."

## VIOLATIONS ALLEGED

14. Defendant's conduct violates 15 U.S.C. §§1692, 1692d.

15. Section 1692d provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(6)** Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

16. DN violated the above provision of the statute because defendant's voice mail did not have meaningful disclosure of the caller's identity.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and against the defendant for:

(1) Statutory damages in an amount of $1,000;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: New York, New York
       December 2, 2011

**The Law Offices of Shimshon Wexler, PC**

By: _____
Shimshon Wexler
Attorney for Plaintiff
2710 Broadway, 2nd Floor
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexler@collectorabuselaw.com

3